FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| COLBY REIK | * | Civil Action File No. |
| | * | |
| Plaintiff, | * | No. 5:21-CV-00173-JHM |
| | * | **(Case No. 20-CI-00196,** |
| v. | * | **Removed from the** |
| | * | **Commonwealth of Kentucky,** |
| TEXAS EASTERN TRANSMISSION, LP, | * | **Lincoln Circuit Court)** |
| SPECTRA ENERGY OPERATING | * | |
| COMPANY, LLC, SPECTRA ENERGY | * | **Jury Trial Demanded** |
| TRANSMISSION RESOURCES, LLC, | * | |
| SPECTRA ENERGY TRANSMISSION | | |
| SERVICES, LLC, SPECTRA ENERGY | | |
| LLC, ENBRIDGE (U.S.) INC., | | |
| NDT SYSTEMS & SERVICES (AMERICA), | | |
| INC., MICHAEL B. CLEM, and | | |
| UNKNOWN COMPRESSOR STATION | | |
| EMPLOYEES | | |
| | | |
| Defendants. | | |

## MICHAEL B. CLEM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Michael B. Clem ("Clem"), by counsel, for his Answer to the Complaint of Plaintiff Colby Reik ("Plaintiff"), states as follows:

### INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky and, further, that trained emergency personnel – including but not limited to Plaintiff and other firefighters, police, and paramedics – came to the scene of the incident to offer assistance. Clem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. In response to Paragraph 2 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky and, further, that trained emergency personnel – including but not limited to Plaintiff and other firefighters, police, and paramedics – came to the scene of the incident to offer assistance. Clem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

3. In response to Paragraph 3 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky and, further, that trained emergency personnel – including but not limited to Plaintiff and other firefighters, police, and paramedics – came to the scene of the incident to offer assistance. Clem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

**PARTIES, JURISDICTION, AND VENUE**

4. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

5. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11. In response to Paragraph 11 of the Complaint, Clem admits that he is a Kentucky resident. Clem specifically states that Plaintiff has failed to state a colorable claim against Clem under Kentucky law, and that Plaintiff has fraudulently joined Clem as a defendant solely to defeat diversity. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 627 (W.D. Ky. 2007). The remaining allegations contained in Paragraph 11 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem admits so much of Paragraph 11 of the Complaint as alleges Michael Clem worked for TETLP on August 1, 2019. Clem denies any allegations contained in Paragraph 11 of the Complaint not expressly admitted herein.

12. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13. In response to Paragraph 13 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky. Clem denies any allegations contained in Paragraph 13 of the Complaint not expressly admitted herein.

14. In response to Paragraph 14 of the Complaint, Clem admits that Plaintiff has *alleged* damages that exceed the jurisdictional amount for this court. Clem denies any allegations contained in Paragraph 14 of the Complaint not expressly admitted herein.

**FACTS**

15. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies them.

18. In response to Paragraph 18 of the Complaint, Clem admits that the TETLP pipeline system transports natural gas between the Gulf of Mexico and New York City. Clem admits that there are three separate lines that run through Lincoln County, Kentucky, Lines 10, 15, and 25, and that there is a compressor station located near Danville, KY. Clem denies any allegations contained in Paragraph 18 of the Complaint not expressly admitted herein.

19. In response to Paragraph 19 of the Complaint, Clem admits that there is a compressor station located near Danville, KY. Clem denies any allegations contained in Paragraph 19 of the Complaint not expressly admitted herein.

20. In response to Paragraph 20 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky. Clem states that Plaintiff has attached a Corrective Action Order and Preliminary Report from the National Transportation Safety Board (the "Preliminary Report") as Exhibits 1 and 2 to the Complaint, respectively.

4

Clem states that the documents speak for themselves. Clem denies any allegations contained in Paragraph 20 of the Complaint inconsistent with the documents or not expressly admitted herein.

21. In response to Paragraph 21 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky. Clem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22. In response to Paragraph 22 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky. Clem states that Plaintiff has attached a PHMSA Amended Corrective Action Order dated April 28, 2020 (the "April 28, 2020 PHMSA Order") as Exhibit 3 to the Complaint. Clem states that the April 28, 2020 PHMSA Order speaks for itself. Clem denies any allegations contained in Paragraph 22 of the Complaint inconsistent with the April 28, 2020 PHMSA Order or not expressly admitted herein.

23. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24. In response to Paragraph 24 of the Complaint, Clem admits that on August 1, 2019, a gas pipeline rupture occurred in Lincoln County, Kentucky and, further, that trained emergency personnel – including but not limited to Plaintiff and other firefighters, police, and paramedics – came to the scene of the incident to offer assistance. Clem is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies them.

25. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26. Clem is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies them.

## COUNT I
### Negligence

27. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

28. The allegations contained in Paragraph 28 of the Complaint call for conclusions of law to which no response is required. To the extent a response is required, Clem denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem denies the allegations.

30. Clem denies the allegations contained in Paragraph 30 and subparagraphs a through x of the Complaint.

31. Clem denies the allegations contained in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Clem admits that Plaintiff has *alleged* damages that exceed the jurisdictional amount for this court. Clem denies any allegations contained in Paragraph 32 of the Complaint not expressly admitted herein.

## COUNT II
### Gross Negligence/Punitive Damages

33. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

34. Clem denies the allegations contained in Paragraph 34 of the Complaint.

35. Clem denies the allegations contained in Paragraph 35 of the Complaint.

## COUNT III
### Negligence *Per Se*

36. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

37. Clem denies the allegations contained in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem denies the allegations.

39. Clem denies the allegations contained in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Clem admits that Plaintiff has *alleged* damages that exceed the jurisdictional amount for this court. Clem denies any allegations contained in Paragraph 40 of the Complaint not expressly admitted herein.

## COUNT IV
### *Respondeat Superior*

41. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

42. Clem denies the allegations contained in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem denies the allegations.

44. Clem denies the allegations contained in Paragraph 44 of the Complaint.

45. The allegations contained in Paragraph 45 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT V
### Intentional Infliction of Emotional Distress

46. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

47. Clem denies the allegations contained in Paragraph 47 of the Complaint.

48. Clem denies the allegations contained in Paragraph 48 of the Complaint.

49. Clem denies the allegations contained in Paragraph 49 of the Complaint.

## COUNT IX
### Negligent Infliction of Emotional Distress

50. Clem incorporates by reference all the answers contained in the paragraphs above as if fully set forth herein.

51. The allegations contained in Paragraph 51 of the Complaint call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Clem denies the allegations contained in Paragraph 51 of the Complaint.

52. Clem denies the allegations contained in Paragraph 52 of the Complaint.

53. Clem denies the allegations contained in Paragraph 53 of the Complaint.

54. The remainder of the Complaint sets forth a prayer for relief to which no response is required or appropriate. To the extent a response is required, Clem denies that Plaintiff is entitled to the relief Plaintiff seeks.

55. Clem denies all allegations set forth in the Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Investigation of the incident underlying the Complaint is on-going, and the extent to which certain affirmative defenses may apply is currently unknown. Clem reserves the right to

file further pleadings, file appropriate cross claims or third-party complaints, assert other defenses, affirmative or otherwise, and amend his responses above as the proof in this matter develops.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Clem's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Kentucky Constitution.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is unconstitutional under the Constitution of Kentucky in that it violates Article 1 and 14 by claiming punitive damages that are penal in nature while Clem may be compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the United States Constitution, including but not limited to the Due Process Clause of the Fourteenth Amendment, Article 1, Sections 1, 14, 16, 20, and 21, the Due Process Clause of the Fifth Amendment, the Equal Protection Cause of the Fifth and Fourteenth Amendments, and the right to trial by jury of the Seventh Amendment as applied on quasi criminal actions of the proportionality principles contained in the Eighth Amendment.  Such violations include, jointly and separately:

1. The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

2. There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against Clem under present Kentucky law.

3. The standards of conduct upon which punitive damages are sought against Clem is vague and ambiguous.

4. The procedures used by courts, and guidelines given to the jurors, jointly and separately, are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is; and fail to eliminate the effects of, and to guard against, impressionable juror passion.

5. Present Kentucky law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, the amount to be awarded.

6. Present Kentucky law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

7. Present Kentucky law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

**FIFTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case deprives Clem of the right to equal protection under the laws provided in Article 1, Sections 1, 14, and 21 of the Constitution of Kentucky for the following reasons, jointly and separately:

1. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure the equality of treatment between and amount similarly situated civil defendants.

2. Clem, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to application of the common-law "Firefighter's Rule" adopted in *Buren v. Midwest Indus., Inc.*, 380 S.W.2d 96, 98 (Ky. 1964) ("'[I]t is the fireman's business to deal with that very hazard and hence ... he cannot complain of negligence in the

creation of the very occasion for his engagement,' the precise risk which the public pays him to undertake.").

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint in whole or in part may be barred as he is not the real party in interest.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate his damages, if any. Subject to what discovery may reveal, to the extent Plaintiff failed his duty to mitigate, his damages, if any, must be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by Clem but were caused in whole or in part by the omissions of others, and Clem is not responsible or liable for their conduct.

WHEREFORE, Michael B. Clem respectfully requests:

1. Plaintiff's Complaint be dismissed with prejudice;
2. Any and all costs herein expended, including reasonable attorney's fees;
3. Indemnity, contribution, offset and/or apportionment where appropriate;
4. For a trial by jury on all issues so triable; and
5. Any and all other relief to which he may be entitled.

Respectfully submitted,

STURGILL, TURNER, BARKER & MOLONEY, PLLC

BY:    /s/Derrick T. Wright
Derrick T. Wright (KBA # 91627)
Jamie Wilhite Dittert (KBA # 92745)
333 West Vine Street, Suite 1500
Lexington, KY 40507
Phone: (859) 255-8581
Fax: (859) 231-0851
dwright@sturgillturner.com
jdittert@sturgillturner.com
*Counsel for Defendant, Michael B. Clem*

## CERTIFICATE OF SERVICE

I hereby certify that June 25, 2021, the foregoing document was electronically filed with the Court's electronic filing system, and that I served this document via electronic mail, to the following:

Christopher W. Goode
Goode Law Office, PLLC
389 Elaine Drive
Lexington, KY 40504
Phone: (859) 363-6688
Fax: (859) 309-4544
cgoode@goodelawyers.com
*Counsel for Plaintiff*

Steven M. Crawford
D. Christopher Robinson
Allison W. Weyand
Liam E. Felsen
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087
scrawford@fbtlaw.com
crobinson@fbtlaw.com
aweyand@fbtlaw.com
lfelsen@fbtlaw.com

*Counsel for Defendants, Texas Eastern Transmission, LP, Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, Inc., Spectra Energy Transmission Services LLC, Spectra Energy, LLC, and Enbridge (U.S.) Inc.*

BY:    */s/Derrick T. Wright*
*Counsel for Defendant, Michael B. Clem*

x:\wdox\clients\66266\0001\pleading\01491119.docx

13