*Electronically filed*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| COLBY REIK | ) |
| | ) Case No. 5:21-cv-00173-JMH |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Removed from Lincoln Circuit Court |
| | ) Civil Action No. 20-CI-00196 |
| | ) |
| TEXAS EASTERN TRANSMISSION, L.P. | ) |
| et. al., | ) |
| | ) |
| Defendants. | ) |

## **REPLY IN SUPPORT OF MOTION TO REMAND**

MAY IT PLEASE THE COURT:

Comes the Plaintiff, Colby Reik, by counsel, and for his Reply in Support of his Motion to Remand, states as follows:

This action was removed by the TETLP Defendants on June 22, 2021. (Doc. #1). The TETLP Defendants filed their Answer to Plaintiff's Complaint on that same day. (Doc. #4). Defendant, Michael Clem filed a separate Answer on June 25, 2021. (Doc. #7).

Reik moved to Remand this action back to the Lincoln Circuit Court on July 16, 2021 (Doc. #8). The TETLP Defendants filed a response on August 6, 2021. (Doc. #9). Defendant, Clem filed an untimely Response on August 16, 2021, incorporating by reference TETLP's Response. (Doc. #10).

**I.  This Court has already held that other Plaintiffs injured in the subject explosion have a colorable basis for their claims against Clem.**

As this Court is well aware, it has already ruled on the issues brought before the Court in Plaintiff Reik's Motion to Remand in at least three (3) cases.[1] In all three cases, this Court granted Plaintiff's Motion to Remand, reasoning as follows:

> Notably, the NTSB's Preliminary Report [DE 15-1] and the TETLP Defendants' arguments stemming therefrom are not only reasonably disputed, but Plaintiff has not even had the opportunity to gather his own evidence to adequately dispute them because discovery has not commenced in this action. Moreover, the NTSB's Preliminary Report [DE 15-1] is just that: a *preliminary* report.
>
> The NTSB's Preliminary Report [DE 15-1] is, therefore, not finalized, as the investigation is still ongoing, and clearly states, "The information in this report is *preliminary* and will either be supplemented or *corrected* during the course of the investigation." [DE 15-1, at 2 (emphasis added)]. Accordingly, the Court will not take judicial notice of the contents of the NTSB's Preliminary Report [DE 15-1] because the contents, and their finality, can be reasonably questioned. Since the TETLP's arguments rebuking Plaintiff's claims against Clem rest on the NTSB's Preliminary Report's [DE 15-1] contents, the Court will find that Plaintiffs have a colorable basis for their claims against Clem and grant Plaintiff's Motion to Remand [DE 9].[2]

The NTSB did supplement the preliminary report with an open "public docket" on March 11, 2021, which includes the interviews of both Reik and Clem.[3] However, the investigation remains preliminary.

The TETLP Defendants in their Response go to great lengths to "argue" the NTSB's Preliminary Report and supplemented disclosure in its favor which further drives home the point that material issues of fact exist as to what happened that early morning and the extent to which Michael Clem played a role in the exacerbation and continuation of this disaster.

---

[1] Baker v. TETLP, 5:20-cv-00393-JMH; Douglas v. TETLP, 5:20-cv-00376-JMH; and Ray v. TETLP, 5:20-cv-00392-JMH
[2] *Baker* at Doc. #33, p. 10-11.
[3] https://www.ntsb.gov/investigations/Pages/PLD19FR002.aspx

As the *Baker* Court noted, Plaintiffs have not had the benefit of discovery to further explore the colorable claims presented against Defendant, Clem.[4] However, we do know from the NTSB preliminary materials that Clem failed to reference and thus follow the TETLP emergency manual which was available to him.[5] Instead, he spent approximately 12 minutes calling other employees despite acknowledging he was aware of the location of the rupture within seconds of its occurrence. This 12-minute delay further exacerbated and fed the fire. The TETLP Defendants acknowledge that the "fire continued to burn for at least thirty-seven (37) minutes after closure of both values." (Doc. #9 p. 2). It follows that if the shut down process started sooner, the fire would stop sooner. Thus, Clem's inactions proximately caused the exacerbation, intensity and duration of the fire within the window Reik was pulling individuals out of harm's way.

II.  **"Fraudulent joinder" requires a high threshold that the TETLP Defendants cannot meet, as Plaintiff has reasonably described the tortious conduct of Defendant Michael B. Clem which is actionable under Kentucky law.**

Fraudulent joinder requires an extraordinarily high burden which falls on the TETLP Defendants that they cannot meet. "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court ... [the] court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand."[6] "[T]he appropriate inquiry in this case [is] not whether [Reik] would ultimately lose on the merits; rather, it [is] simply whether [Reik has] at least a colorable cause of action against [Michael Clem] in the Kentucky state courts."[7]

---

[4] *Id.*
[5] Motion to Remand, Exh. 3, p. 14.
[6] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).
[7] *Probus v. Charter Communications, LLC*, 234 Fed. Appx. 404, 408 (6th Cir. 2007) (*quoting Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). See also, *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000).

3

The standard for a defendant to successfully show fraudulent joinder is even higher than the standard a defendant must meet to succeed on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6) . . . [A] decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason."[9]

As reflected in great detail, Reik has stated colorable claims against Clem, and the TETLP Defendants have failed to meet this extremely high burden.

**III. According to the TETLP Defendants' own Response, the August 1, 2019 rupture of the Texas Eastern Transmission Pipeline and its aftermath was an almost two (2) hour event, not an instantaneous one concluded at the moment of the initial blast, making Clem's post-rupture role and conduct critical.**

The TETLP Defendants' own recounting of the factual circumstances of this case in their Response makes it clear that the failure to promptly shut off gas to the ruptured section of the Texas Eastern Transmission Pipeline (the "Pipeline") on August 1, 2019, caused or contributed to Plaintiff's injuries as alleged by Plaintiff in his Complaint.

There is nothing in the NTSB's Preliminary Report that states or suggests that the 66 million cubic feet of natural gas that ignited during the Pipeline rupture did so "instantaneously."

To the contrary, the TETLP Defendants' own Response notes that the Pipeline continued to burn for thirty-seven (37) minutes after the valves on both ends were shut, meaning many, many cubic feet of gas burned uncontrollably from the Pipeline between the initial blast at 1:24AM until the Pipeline was isolated. Simple logic dictates that shutting the free flow of gas down sooner would lessen the intensity and duration of the gas feed fire during the time when Reik and others

---

[8] *Anderson v. Merck & Co. Inc.*, 417 F. Supp. 2d 842, 845 (E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002)).
[9] *Little*, 227 F. Supp. 2d at 846-47; see also *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012).

were present. Rather than absolve Clem from any liability, the lengthy lag between value shutoff and controlling the fire emphasizes the importance of Clem's actions and inactions during the aftermath of the rupture and subsequent fire.

WHEREFORE, Plaintiff, by counsel respectfully requests that his Motion to Remand be GRANTED, and that this matter be remanded to the Lincoln Circuit Court; and for any and all other relief to which he may appear entitled.

Respectfully submitted,

*/s/ Christopher W. Goode*
Christopher W. Goode KBA #88425
GOODE LAW OFFICE, PLLC
389 Elaine Drive
Lexington, Kentucky 40504
859.363.6688
cgoode@goodelawyers.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **August 18, 2021**, the foregoing was filed via the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record:

Steven M. Crawford
D. Christopher Robinson
Allison W. Weyland
Liam E. Felsen
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
scrawford@fbtlaw.com
crobinson@fbtlaw.com
aweyand@fbtlaw.com
lfelsen@fbtlaw.com
*Counsel for TETLP Defendants*

Derrick T. Wright
Jamie Wilhite Dittert
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
dwright@sturgillturner.com
jdittert@sturgillturner.com
*Counsel for Michael B. Clem*

                                                  */s/ Christopher W. Goode*
                                                  *Counsel for Plaintiff*